UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KULDEEP SINGH,

           Petitioner,

v.

WARDEN GOLDEN STATE ANNEX, et al.,

           Respondents.

No. 1:26-cv-03625-DJC-AC

RELEASE ORDER

A# 241-712-083

Petitioner Kuldeep Singh is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in Count 1 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 1 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 3.) Respondents do not identify any factual or legal distinctions between this case and the Court's prior orders. (*See* ECF No. 6.) They do

1

note that Petitioner accrued "multiple reporting violations," but the only evidence submitted in support of this is the Form I-213 which only states that Petitioner "had three (3) previous violations" of ATD. (*See id.* at 6.) No additional information about these alleged violations – such as the date they occurred or the nature of the violation – has been provided. This limited information does not provide sufficient justification to deprive Petitioner of his right to pre-deprivation notice and opportunity to be heard, especially given Petitioner was detained while attending a scheduled ATD check-in.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Kuldeep Singh from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2

The Clerk of the Court is directed to serve Golden State Annex with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 19, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE